**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Ricardo Estrada,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-13-8219-PCT-JAT (JFM)

**Report & Recommendation On Petition For Writ Of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 5, 2013 (Doc. 1). On December 4, 2013, Respondents filed their Response (Doc. 9). Petitioner filed a Reply on December 19, 2013 (Doc. 10).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On August 16, 2007, Petitioner was indicted in Mohave County Superior Court on one count of kidnapping of a minor under the age of 15. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 9, are referenced herein as "Exhibit ___.")  The state moved to add an allegations of a 2006 prior conviction concerning attempted sexual exploitation of a minor (Exhibit B), commission while on probation (Exhibit C), and

1

aggravating factors (Exhibit D). The motions were granted. (Exhibit E, M.E. 9/24/07.)

On February 29, 2008, Petitioner entered into a written plea agreement ("Stipulated Guilty Plea") wherein Petitioner agreed to plead guilty to attempted kidnapping of a child and attempted molestation of a child, and a violation of probation. The parties stipulated to 12.5 year terms on the kidnapping and probation violation, and supervised probation on the attempted molestation. (Exhibit F, Plea Agreement.)

Petitioner appeared on March 7, 2008 and entered his guilty plea pursuant to the plea agreement. (Exhibit G, M.E. 3/7/08.) On April 4, 2008, Petitioner was sentenced to 12.5 years on the kidnapping, 3.5 years on the probation violation (Exhibit H, Judgment), and lifetime probation on the attempted molestation (Exhibit I, Judgment).

## B. PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to file a direct appeal. *See Summers v. Schriro*, 481 F.3d 710, 716-717 (9th Cir. 2007). Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.)

## C. PROCEEDINGS ON POST-CONVICTION RELIEF

Some 21 months later, on January 29, 2010, Petitioner filed a Notice of Post-Conviction Relief (Exhibit J) seeking relief in an untimely petition on the basis of newly discovered evidence and that his failure to file a timely notice was without fault on his part (*id.* at 2). Petitioner filed his PCR Petition on January 29, 2010 (Exhibit K) asserting claims of denial of constitutional rights, newly discovered evidence re due process and equal protection, lack of jurisdiction, and an illegal sentence. Petitioner argued his sentence was illegal because the sentencing statute did not include a sentencing range for attempted kidnapping.

On April 8, 2010, the PCR court summarily denied the petition, finding that Petitioner's claims of an illegal sentence were without merit, and that in any event, he had stipulated in his guilty plea to the sentence he received. (Exhibit L, Order 4/8/10.)

On October 4, 2010, Petitioner filed a Motion for Status (Exhibit M), requesting the status of his PCR petition. The PCR court directed the clerk to forward a copy of the earlier order, and expressly declined to construe the motion as one for rehearing or as a petition for review. (Exhibit N, M.E. 10/8/10.)

On November 16, 2010, Petitioner filed a Petition for Review (Exhibit V), which was denied by the Arizona Court of Appeals on November 23, 2010 as untimely (Exhibit P, Order 11/23/10). Petitioner sought reconsideration (Exhibit Q), which was denied with instructions that Petitioner should seek leave to file an untimely petition for review from the PCR Court. (Exhibit R, Order 12/22/10.)

On January 27, 2011, Petitioner filed a Motion (Exhibit S) with the PCR Court seeking a recall and reissuance of its denial of his PCR petition. The PCR Court construed the filing as a motion for an extension of time to file a petition for review (Exhibit T, M.E. 2/15/1), and eventually granted the motion (Exhibit U, M.E. 3/8/11).

Petitioner then again filed a Petition for Review (Exhibit V), which was summarily denied on December 13, 2012.

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 5, 2013 (Doc. 1). Petitioner's Petition asserts the following two grounds for relief:

> In Ground One, Petitioner alleges that his due process rights under the Fourteenth Amendment were violated during sentencing because the court imposed a 12.5 year sentence pursuant to an aggravated sentencing statute that does not include a sentencing range for attempting kidnapping. In Ground Two, Petitioner alleges that his right to effective assistance of counsel was violated because his attorney failed to raise the issue of the illegal sentence.

(Order 10/22/13, Doc. 4.)

**Response** - On December 4, 2013, Respondents filed their Response ("Limited Answer") (Doc. 9). Respondents argue that the petition is untimely, Ground One is not cognizable on habeas review, Petitioner waived his claims by pleading guilty, and had

procedurally defaulted his claims.

**Reply** - On December 19, 2013, Petitioner filed a Reply (Doc. 10).  Petitioner argues the merits of his claims, but does not address the statute of limitations or procedural default issues.

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

**2.  Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding.  *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner proffers no argument that any of these apply.

days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner did not bring such an "of-right" PCR proceeding within 90 days of his sentence. To the contrary, his first PCR proceeding was not commenced until some 21 months after his April 4, 2008 sentence when he filed his first PCR notice (Exhibit J) on January 29, 2010.[2]

Thus, his conviction became final on July 3, 2008, 90 days after his sentencing, when his time to file an of-right PCR petition expired.

Therefore, Petitioner's one year began running on July 4, 2008, and without any tolling expired on July 3, 2009, making his September 5, 2013 Petition over four years delinquent.[3]

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's PCR proceeding was not commenced any earlier than January 25, 2010, when he dated his Notice of Post-Conviction Relief (Exhibit J). At that time, Petitioner's one year had been expired for over six months. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has no statutory tolling

---

[2] It is true that under the prison mailbox rule, a prisoner's filings are deemed "filed" for federal habeas purposes when they are delivered to prison officials for mailing. *See Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). Here, however, Petitioner's PCR notice was dated January 25, 2010, making that the earliest possible date it was "filed." The four day difference would not be sufficient to make his PCR petition an "of-right" petition.

[3] Petitioner's habeas Petition is dated August 28, 2013. (Petition, Doc. 1 at 11.) Even if this Court were to find that the Petition should be deemed filed as of that date rather than September 5, 2013, eight days would not be sufficient to make Petitioner's Petition timely.

resulting from his PCR proceeding, and his limitations period expired on July 5, 2009.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not explicitly proffer any grounds for equitable tolling, and the undersigned finds none.

### 5. Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133

6

S.Ct. 1924, 1935 (2013).  To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.*  at 1936 (quoting *Schlup,* 513 U.S. at 316).

While diligence in presenting the claim of actual innocence is not a threshold requirement, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 1935.

Petitioner makes no such claim in this proceeding.

### 6.  Summary re Statute of Limitations

Petitioner's one year habeas limitations period commenced running on July 4, 2008, and expired on July 3, 2009, making his September 5, 2013 Petition over four years delinquent.  Petitioner has shown no basis for statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay.  Consequently, the Petition must be dismissed with prejudice.

### B.  OTHER DEFENSES

Respondents assert that Petitioner has procedurally defaulted on his state remedies on his claims, and that some of the claims are not cognizable on habeas review.  Because the undersigned finds the petition plainly barred under the statute of limitations, these other defenses are not reached.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 5, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is accepted, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 27, 2014

James F. Metcalf
United States Magistrate Judge

13-8219r RR 14 01 10 on HC.docx